United States District Court
Southern District of Texas
**ENTERED**
October 23, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DINA HALSEY-RICKS, | § § § | |
| Plaintiff. | § § | |
| V. | § § | CIVIL ACTION NO: 4:23-cv-00548 |
| COMMISSIONER OF SOCIAL SECURITY, | § § § § | |
| Defendant. | § | |

## ORDER TRANSFERRING CASE

Plaintiff Dina Halsey-Ricks filed a complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of the denial of an application for social security disability benefits by Defendant Commissioner of the Social Security Administration. *See* Dkt. 1. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Judicial review of an action by the Commissioner in federal district court is available only "in the district court of the United States for the judicial district in which the plaintiff resides." 42 U.S.C. § 405(g). This "consent to suit against the [Commissioner] constitutes a limited waiver of sovereign immunity and must be strictly construed." *Ro Ane v. Mathews*, 476 F. Supp. 1089, 1093 (N.D. Cal. 1977) (citing an earlier version of the Social Security Act), *aff'd sub nom. Roane v. Harris*, 604 F.2d 37 (9th Cir. 1979).

Per Plaintiff's complaint, she resides in Hanover, New Hampshire. *See* Dkt. 1 at 1. The record shows that Plaintiff has resided in New Hampshire, Massachusetts, and Colorado, but never Texas. *See* Dkt. 10-3 at 58, 64; Dkt. 10-4 at 2. As such, "this court does not have jurisdiction to entertain this case because the plaintiff has not brought suit 'in the district court of the United States for the judicial district in which [he] resides,' 42 U.S.C. § 405(g), namely, the United States

District Court for the [Northern District of Texas].'" *Rivard v. Saul*, No. 2:21-cv-00128, 2021 WL 3044240, at *2 (D. Me. June 25, 2021). Congress has provided a mechanism for this situation:

> Whenever a civil action is filed . . . or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631. Where, as here "the statutory deadline for filing an appeal . . . ha[s] passed, and no evidence suggest[s] bad faith in [Plaintiff's] filing with the district court[,] . . . it [i]s in the interest of justice to transfer the case pursuant to § 1631." *In re Teles AG Informationstechnologien*, 747 F.3d 1357, 1361 (Fed. Cir. 2014). Accordingly, this matter is **TRANSFERRED** to the United States District Court for the District of New Hampshire, where Plaintiff resides and venue is proper, and the court will have jurisdiction over Plaintiff's complaint.

SIGNED this 23rd day of October 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE